UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOUSING RIGHTS INITIATIVE,

                Plaintiff,

           -against-

COMPASS, INC. ET AL.,

                Defendants.

21-cv-2221 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant GIM Realty LLC ("GIM") has moved pursuant to Local Rule 6.3 for reconsideration of this Court's February 14, 2023 Opinion and Order denying various defendants' motions to dismiss and/or motions for judgment on the pleadings.[1] (ECF No. 580.) GIM has moved in the alternative for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants Corcoran Group, LLC; JRL-NYC, LLC; East 34th Street, LLC; First Service Realty NYC, Inc.; Tenth Manhattan Corp.; Avenue Real Estate LLC; Voro LLC; and Coney Island Ave. LLC have joined in GIM's motion. (ECF Nos. 607-12.)

    I.   <u>GIM Realty's Motion for Reconsideration Pursuant to Local Rule 6.3</u>

    In order to prevail on a motion for reconsideration "a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (internal quotations omitted); *see also Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Local Rule 6.3 must "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

    In this case, GIM has not brought to the Court's attention "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

    GIM contends that the Court overlooked the requirement of robust causation and incorrectly determined that plaintiff adequately pleaded a disparate impact claim. GIM further asserts that the Court failed to follow precedent, specifically *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015), and *Salute v.*

---

[1] GIM filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that HRI's Amended Complaint failed to meet the "robust causality" requirement for disparate impact-based FHA claims. (ECF No. 430.) Eleven other defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b) and two defendants filed both motions to dismiss and motions for judgment on the pleadings.

*Stratford Greens Garden Apartments*, 136 F.3d 293 (2d Cir. 1998). This contention is without merit. The Court considered plaintiff's disparate impact claim using well-established Second Circuit precedent, which requires that a plaintiff making a disparate impact claim must allege that a facially neutral policy actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns. *See* 24 C.F.R. § 100.500; and *MHANY Mgmt. v. Cnty. of Nassau*, 819 F.3d 581, 616-17 (2d Cir. 2016). A plaintiff must establish a prima facie case by showing (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices. *Id.* at 617. In short, the burden is on the plaintiff at the pleading stage to allege facts that give rise to a plausible inference that the defendant's policy has created—or predictably results in—a disparate impact.

Housing Rights Initiative ("HRI") has adequately alleged such facts, claiming that defendants have "no-voucher policies" that have a disparate impact on disabled, Black, and Hispanic New York City residents. These allegations sufficiently link defendants' policies to actual or predictable adverse effects on protected groups. GIM's small size does not preclude the Court from finding that this causal link exists.

## II. Joining Defendants' Motions for Reconsideration

Corcoran Group; JRL-NYC, LLC; East 34th Street, LLC; FirstService Realty NYC, Inc.; Tenth Manhattan Corp.; Avenue Real Estate LLC; Voro LLC; and Coney Island Ave. LLC have attempted to join in GIM's motion and have also argued in brief letter motions that HRI did not sufficiently plead Article III standing because the Court failed to conduct an analysis of standing on a defendant-by-defendant basis.

First, the Court notes that these defendants did not file timely motions for reconsideration, as they filed their letter motions requesting to join GIM's motion on March 1, 2023 and March 2, 2023. (ECF Nos. 607-612.) Under Local Rule 6.3, a motion seeking reconsideration of a court order must be served within fourteen days of the Court's determination of the original motion, unless "otherwise provided by the Court or statute or rule." The Court's order denying the motions to dismiss and motions for judgment on the pleadings was filed on February 14, 2023. Any motion for reconsideration, therefore, was due by February 28, 2023.

However, even if these motions were timely, the argument that plaintiff failed to sufficiently plead Article III standing is without merit. The Court fully considered the Article III standing argument and determined that HRI did not need to allocate injury to each defendant at the pleading stage. The Court noted further that damages are to be determined at trial, and even if HRI's claims for damages were deficient, its disparate impact claims could still proceed at this stage because plaintiff seeks injunctive relief against each defendant. *Hous. Rights Initiative v. Compass. Inc.*, 2023 U.S. Dist. LEXIS 25235, at *80-81.

## III. Motion Requesting Certification of an Interlocutory Appeal

Interlocutory appeals are disfavored, as "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996). Under 28 U.S.C. § 1292(b) a district court may certify an order for interlocutory appeal only when it is "of the opinion that such an order involves a controlling question of law as to which there is no substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate determination of the litigation." The moving party bears the burden of demonstrating that all three of these criteria are met. *See, e.g., Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005). Defendants fail to meet each criterion here. GIM's objection to the Court's disparate impact ruling and the joining defendants' objection to Article III standing do not involve "controlling question[s] of law," do not cast substantial doubt on the accuracy of this Court's order, and do not demonstrate that an appeal would materially advance the termination of this litigation.

Conclusion

For the reasons set forth above, the Court denies GIM's motion for reconsideration of this Court's February 14, 2023 Opinion and Order. It also declines to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: New York, New York
       April 18, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J